IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| LISA SAUREZ § | |
| § | |
| V. § | |
| § | A-09-CA-800-AWA |
| MICHAEL J. ASTRUE, § | |
| COMMISSIONER OF THE § | |
| SOCIAL SECURITY ADMINISTRATION § | |

### MEMORANDUM OPINION AND ORDER

Before the Court are Plaintiff's Original Complaint seeking reversal of the final decision of the Social Security Administration (Clerk's Doc. No. 5); Plaintiff's Brief in Opposition to the Commissioner's Decision (Clerk's Doc. No. 16); and Defendant's Brief in Support of the Commissioner's Decision (Clerk's Doc. No. 17). Also before the Court is the Social Security record filed in this case (Cited as "Tr."). Plaintiff Lisa Suarez appeals from the determination that she is not disabled and presents for review two issues: (1) whether remand is required for the ALJ to properly address all of Plaintiff's conditions; and (2) whether the assessment of residual functional capacity is consistent with the totality of the medical evidence. Both parties have consented to have the undersigned adjudicate the claims.

### I. GENERAL BACKGROUND

On September 25, 2006, Lisa Saurez (hereinafter "Suarez" or "Plaintiff") applied for benefits under Title II of the Social Security Act (the "Act") (Tr. 10). Suarez alleged disability beginning January 1, 1993 (Tr. 100). The claim was denied initially on November 28, 2006, and upon reconsideration on April 23, 2007 (Tr. 44, 55). Suarez timely requested a hearing before an Administrative Law Judge ("ALJ"), which was held on December 9, 2008, in Dallas, Texas (Tr. 59, 20-40). Suarez testified at the hearing and was represented by her attorney, Mary Ellen Felps (Tr. 20). Jennifer McGinnis, a vocational expert, and Barbara Felkins, a medical expert, also appeared

and testified at the hearing (Tr. 20). The ALJ issued an unfavorable decision dated January 26, 2009, finding that Suarez was not disabled within the meaning of the Act (Tr. 7–19). The Appeals Council declined Suarez's request for review by notice on September 4, 2009, making it the final decision of the Commissioner (Tr. 1–3). Suarez then brought the instant action pursuant to 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner denying her benefits under the Act.

## II. FINDINGS OF ADMINISTRATIVE LAW JUDGE

The ALJ found that Suarez had the following severe impairments during the relevant period: lumbar degenerative changes and obesity (Tr. 12). The ALJ further found that Suarez did not have an impairment or combination of impairments that met or medically equaled one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Tr. 14). In regard to residual functional capacity ("RFC"), the ALJ found that Suarez had the RFC to perform light work as defined in 20 C.F.R. 404.1567(b), in that she could lift or carry 20 pounds occasionally and 10 pounds frequently, walk 6 hours in an 8-hour workday, and sit 6 hours in an 8-hour workday. Furthermore, the ALJ found that Suarez could occasionally balance, stoop, bend, squat, kneel, crouch and crawl, but that she should avoid climbing ladders or scaffolds (Tr. 14). Given this RFC finding, and the fact that her prior work did not require the performance of work-related activities precluded by Suarez's RFC, the ALJ found that Suarez was capable of performing her past work as an apartment manager through the date last insured (Tr. 18).[1] Accordingly, the ALJ found that Suarez was not disabled as defined in the Act (Tr. 19).

---

[1] Suarez's date last insured was December 31, 1998. Therefore, she had to establish disability on or before that date to be entitled to benefits (Tr. 10).

### III.  ISSUES BEFORE THE COURT

Suarez contends that the ALJ's decision is not supported by substantial evidence and is not based upon the proper legal standards.  Specifically, Suarez argues that (1) the ALJ failed to properly address all of her conditions; and (2) the ALJ erred in basing his decision on a finding that Plaintiff could perform "light work."

### IV.  STANDARD OF REVIEW

In Social Security disability appeals, the limited role of the reviewing court, as dictated by 42 U.S.C. § 405(g), is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and whether the Commissioner applied the proper legal standard. *Kinash v. Callahan*, 129 F.3d 736, 738 (5th Cir. 1997); *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995). "Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Villa v. Sullivan*, 895 F.2d 1019, 1021–22 (5th Cir. 1990) (quoting *James v. Heckler*, 707 F.2d 162, 164 (5th Cir. 1983)).  Courts weigh four elements of proof when determining whether there is substantial evidence of a disability: (1) objective medical facts; (2) diagnoses and opinions of treating and examining physicians; (3) the claimant's subjective evidence of pain and disability; and (4) the claimant's age, education, and work history. *Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir. 1995).  However, the reviewing court cannot re-weigh the evidence, but may only scrutinize the record to determine whether it contains substantial evidence to support the Commissioner's decision. *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995). "The Commissioner, rather than the courts, must resolve conflicts in the evidence."  *Martinez*, 64 F.3d at 174.   If supported by substantial evidence, the Commissioner's findings are conclusive and are to be affirmed. *Crowley v. Apfel*, 197 F.3d 194, 197 (5th Cir. 1999).  A finding of no substantial evidence is appropriate only if no credible evidentiary

choices or medical findings exist to support the decision. *Johnson v. Bowen*, 864 F.2d 340, 343–44 (5th Cir. 1988).

## V.  ANALYSIS

**A.    Is remand required for the ALJ to properly address all of Plaintiff's conditions?**

In her first issue, Suarez argues that this case should be remanded because the ALJ failed to properly address several of her impairments and determine if they were severe or non-severe. The undersigned disagrees and does not believe that remand is necessary.

Under the regulations, the Commissioner utilizes a five-step sequential analysis to determine whether a claimant is disabled. 20 C.F.R. § 404.1520(a). At step two of the process, the claimant must establish that she has a medically severe impairment or combination of impairments. 20 C.F.R. § 404.1520(a)(4)(ii). The step two evaluation is designed "to weed out at an early stage of the administrative process those individuals who cannot possibly meet the statutory definition of disability." *Bowen v. Yuckert*, 482 U.S. 137, 156 (1987) (O'Connor, J., concurring). Once a severe impairment is determined to exist, all medically determinable impairments must be considered in the remaining steps of the sequential analysis. 20 C.F.R. § 404.1523; *see also* 20 C.F.R. § 404.1545(a)(2). Here, the ALJ assessed Plaintiff's RFC and proceeded through step four of the sequential evaluation process. Accordingly, the real issue is whether substantial evidence supports the ALJ's RFC assessment.

In regard to Plaintiff's contention that the ALJ's RFC assessment failed to account for chronic back pain and arthritis, the ALJ expressly determined that Plaintiff's lumbar degenerative changes were "severe" within the meaning of the regulations, and he discussed Plaintiff's back condition at some length in formulating the RFC assessment. This is reflected in the limitations

found regarding standing, walking, sitting, stooping, and bending.  Thus, the undersigned finds no error in his treatment regarding these impairments.

As for Plaintiff's argument that the ALJ erred by not providing a more thorough discussion of other impairments (including hypertension, irritable bowel syndrome, left shoulder pain, an episode of shingles, fatty infiltration of the liver, and mental impairments), this too does not entitle Plaintiff to a remand.  First, an ALJ is not required to discuss every piece of evidence in the record. *See Penalver v. Barnhart*, No. SA-04-CA-1107-RF, 2005 WL 2137900, at *6 (W.D. Tex. July 13, 2005) ("The ALJ may not have discussed all of the evidence in the record to the extent desired by Plaintiff, but the ALJ is only required to make clear the basis of his assessment—he need not discuss all supporting evidence or evidence rejected.").  Second, the ALJ stated that he considered all the evidence (Tr. 10), and he expressly mentioned many of the specific physical conditions Plaintiff claims were completely ignored (Tr. 12–14).  Importantly, the medical records referencing many of the diagnoses offer nothing in regard to resulting limitations during the relevant period.  As the ALJ discussed regarding Plaintiff's alleged mental impairments, Plaintiff failed to provide or point to evidence that she had any functional loss, prior to the date last insured (Tr. 14).  A diagnosis alone is not enough to establish a disability.  The claimant must show that the impairment evidenced by objective medical findings imposed functional restrictions.  *Hames v. Heckler*, 707 F.2d 162, 165 (5th Cir. 1983).  Because Plaintiff failed to make such a showing, this argument fails.

**B.      Did the ALJ err in finding that Plaintiff could perform light work?**

Suarez next asserts that the ALJ's assessment of her RFC is inconsistent with the totality of the medical evidence, particularly as it relates to the finding that she could perform light work.  The Court's duty, however, is not to re-weigh the evidence, but rather it is to determine whether the record contains substantial evidence to support the Commissioner's decision.  *Leggett*, 67 F.3d at

564. If supported by substantial evidence, the Commissioner's findings are conclusive and are to be affirmed. *Crowley*, 197 F.3d at 197.

Having reviewed the record in its entirety, which includes the medical expert's testimony that Suarez could perform light work (Tr. 31–32), the undersigned finds that substantial evidence supports the finding that Suarez had the RFC to perform light work through the date last insured. Accordingly, the Commissioner's decision will be affirmed.

## VI.  CONCLUSION

In light of the foregoing, the undersigned Magistrate Judge **AFFIRMS** the final decision of the Commissioner and **ENTERS JUDGMENT** in favor of the Defendant.

SIGNED this 19th day of August, 2010.

_____

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE